IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES IREIJO, | ) | CIVIL NO.  07-00290 JMS/LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER ADOPTING IN PART |
| vs. | ) | AND MODIFYING IN PART |
| | ) | MAGISTRATE JUDGE'S |
| | ) | FINDINGS AND |
| MARGARET ICHIYO AGNEW, aka | ) | RECOMMENDATIONS |
| PEGGY AGNEW; BRIAN AGNEW; | ) | |
| THOMAS SLAVENS; ELIZABETH | ) | |
| SLAVENS; TITLE GUARANTY OF | ) | |
| HAWAII, INC.; ERIC EBISU; and | ) | |
| RITA EBUSU, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER ADOPTING IN PART
## AND MODIFYING IN PART MAGISTRATE JUDGE'S
## FINDINGS AND RECOMMENDATIONS

Before the court is a limited objection to the Magistrate Judge's

September 26, 2007 Findings and Recommendation to Grant Defendants Thomas

Slavens and Elizabeth Slavens' Motion to Interplead Plaintiff/Counterclaim

Defendant James Ireijo and Crossclaim Defendants Margaret Ichiyo Agnew, also

known as Peggy Agnew, and Brian Agnew on Counterclaim and Crossclaim,

Respectively ("September 26, 2007 F&R").  In her September 26, 2007 F&R, the

Magistrate Judge found and recommended that this court award the Slavenses

attorneys' fees in the amount of $2,447.64.  In reaching this conclusion, the

Magistrate Judge found that the requested hourly rates of three attorneys  -- Corey

Y.S. Park, Sheryl L. Nicholson, and Jason Zhao -- were unreasonable.  Defendants

Thomas and Elizabeth Slavens ("Slavenses") object to this finding, seeking

attorneys' fees in the amount of $2,800.52.  The court MODIFIES the amount of

attorneys' fees awarded but otherwise ADOPTS the September 26, 2007 F&R.

## I.  BACKGROUND

On August 8, 2007, the Slavenses filed a Motion to Interplead

Plaintiff/Counterclaim Defendant James Ireijo and Crossclaim Defendant

Margaret Ochiyo Agnew, also known as Peggy Agnew, and Brian Agnew on

Counterclaim and Crossclaim, Respectively ("Motion to Interplead").  The Motion

to Interplead, which included a request for attorneys' fees, was granted by

Magistrate Judge Kobayashi on September 4, 2007.  Shortly thereafter, Sheryl L.

Nicholson, the Slavenses' counsel, submitted a declaration in support of the

request for attorneys' fees.  That declaration does not attempt to establish the

reasonableness of the rates charged by the Slavenses' attorneys.

In her September 27, 2007 F&R, Magistrate Judge Kobayashi found

that

> [a]lthough it is usually required that counsel submit additional
> evidence that the rate charged is reasonable, *see Jordan v.
> Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987), this
> Court is well aware of the prevailing rates in the community for
> similar services performed by attorneys of comparable
> experience, skill, and reputation.  Based on this Court's
> knowledge of the prevailing rates in the community, this Court
> finds that the requested hourly rates of $375 for Mr. Park, $300
> for Ms. Nicholson, and $170 for Mr. Zhao are unreasonable.
> This Court finds the following to be reasonable hourly rates:
> Mr. Park - $285; Ms. Nicholson - $265; and Mr. Zhao - $150.

September 27, 2007 F&R at 8-9.  As a result, Magistrate Judge Kobayashi

recommended a total lodestar award of $2,447.64 (plus $91.24 in costs).  In their

appeal, the Slavenses request an hourly rate of $375 for Mr. Park, $300 for Ms.

Nicholson, and $170 for Mr. Zhao, for a total lodestar award of $2,800.52 (plus

the $91.24 in costs).

## II.  STANDARD OF REVIEW

Although the Slavenses cite to Fed. R. Civ. P. 72(a), which applies to

the review on non-dispositive motions, the court treats a motion for attorneys' fees

as a dispositive motion to be reviewed de novo pursuant to 28 U.S.C. 636(b)(1)(B),

Fed. R. Civ. P. 72(b), and Local Rule 74.2 ("LR 74.2").  A motion for attorneys'

fees may be referred to a magistrate judge "under Rule 72(b) as if it were a

dispositive motion."  Fed. R. Civ. P. 54(d)(2)(D).  Under Fed. R. Civ. P. 72(b), the

district court must apply a de novo standard of review to any portion of the

3

magistrate judge's disposition to which an objection is made.  Thus, this court reviews de novo objections to a magistrate judge's findings and recommendations awarding attorneys' fees.  *See Petroleum Sales, Inc. v. Valero Ref. Co.-Cal.*, 2007 WL 2694207 (N.D. Cal. Sept. 11, 2007); *Favoured Dev., Ltd. v. Lomas*, 2007 WL 3105107 (N.D Cal. Oct. 23, 2007); *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 2007 WL 2692133 (M.D. Tenn. Sept. 12, 2007); *Oshana v. Coca-Cola Co.*, 487 F. Supp. 2d 961 (N.D. Ill. 2007); *Choudhury v. Barnhart*, 2005 WL 2592048 (S.D.N.Y. Oct. 11, 2005).

In making its de novo determination, the district court may consider additional evidence.  28 U.S.C. § 636(b)(1) ("The judge may also receive further evidence. . . ."); Fed. R. Civ. P. 72(b) ("The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. . . ."); LR 74.2 ("The district judge may exercise discretion to receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.").  The decision whether to accept additional evidence is thus left to "the sound discretion of the district court."  *Doe v. Chao*, 306 F.3d 170, 183 n.9 (4th Cir. 2002).

4

### III. <u>ANALYSIS</u>

The Slavenses provide this court with evidence not presented to the magistrate judge.  The declarations of Honolulu attorneys Phillip L. Deaver, a partner at the law firm of Bays, Deaver, Lung, Rose & Holma, and Terence J. O'Toole, a partner at the law firm of Starn, O'Toole, Marcus, & Fisher, attest to the reasonableness of the fees charged by Mr. Park ($375 per hour), Ms. Nicholson ($300 per hour), and Mr. Zhao ($170 per hour).  The Slavenses have also submitted, for the first time, declarations of Mr. Park, Mr. Zhao, and a supplemental declaration of Ms. Nicholson.  No reason has been provided as to why these declarations were not provided to the magistrate judge.

Normally, the court would be reluctant to accept additional evidence absent at least a minimal showing of good cause as to why the evidence was not presented to the magistrate judge.  In this case, however, given the Slavenses status as interpleaders in this action, the court exercises its discretion and will consider additional evidence.

"The court establishes a lodestar by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate."  *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007).  The sole issue before the court is whether the hourly rates of the fees sought by Mr. Park, Ms. Nicholson,

and Mr. Zhao are reasonable.  The court reviews the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  The actual rate charged by the attorney is not the benchmark; instead, the court is "guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y. of Health & Human Serv.*, 73 F.3d 895, 908 (9th Cir. 1995) (*quoting Chalmers v. City of L. A.*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), *amended*, 808 F.2d 1373 (9th Cir. 1987)).

Based on the affidavits submitted, the court concludes that the hourly rates of $375 for Mr. Park, $300 for Ms. Nicholson, and $170 for Mr. Zhao are reasonable and justified.

The Slavenses are entitled to attorneys' fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| Corey Y.S. Park | 0.5 | $375 | $      187.50 |
| Sheryl L. Nicholson | 2.0 | $300 | $      600.00 |
| Jason Zhao | 11.1 | $170 | $    1,887.00 |
| | SUBTOTAL | | $   2,674.50 |
| GENERAL EXCISE TAX (4.712%) | | | $      126.02 |
| | TOTAL | | $   2,800.52 |

# IV.  <u>CONCLUSION</u>

For the foregoing reasons, the court Adopts in Part and Modifies in Part Magistrate Judge's Findings and Recommendations.  Attorneys' fees are awarded in the amount of $2,800.52 and costs are awarded in the amount of $91.24.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 19, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Ireijo v. Agnew et al.*, Civ. No. 07-00290 JMS/LEK, Order Adopting in Part and Modifying in Part Magistrate Judge's Findings and Recommendations